| | | |
|---|---|---|
| BILL LOCKRIDGE, d/b/a LOA | ) | |
| OUTDOOR ADVERTISING d/b/a | ) | |
| LOCKRIDGE OUTDOOR | ) | |
| ADVERTISING AGENCY, | ) | |
| | ) | No. 03 CV 6720 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| VILLAGE OF ALSIP, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bill Lockridge d/b/a LOA Outdoor Advertising and Lockridge Outdoor Advertising

Agency (collectively, "Lockridge") brings this action challenging the constitutionality of the (now

repealed) municipal sign ordinance of defendant Village of Alsip, Illinois ("Alsip"). Lockridge also

seeks damages for violations of his constitutional rights that he alleges resulted from enforcement

of the ordinance. Currently before the court are: (i) Lockridge's motion for preliminary or

permanent injunction seeking an injunction against enforcement of Alsip's sign restrictions; and (ii)

Lockridge's motion for partial summary judgment seeking both injunctive relief and damages. For

the reasons stated in this order, Lockridge's motion for partial summary judgment is granted as to

his damages claim. Lockridge's motion for preliminary or permanent injunction is denied as moot.

**Background**

In July 2003, Lockridge submitted to Alsip eighteen separate applications to post signs

within Alsip's boundaries. Lockridge's signs were to contain both commercial and noncommercial

messages. In early August 2003, Alsip notified Lockridge by letter that his applications had been

denied. Lockridge's applications were each denied for failure to meet the requirements of Alsip's

then-current sign ordinance (as amended, the "Former Ordinance"[1]), although Alsip's August 2003

notice of denial did not specify exactly which portions of the Former Ordinance acted to preclude

approval of his applications. In response, in September 2003 Lockridge filed this lawsuit, claiming,

among other things, that the Former Ordinance is invalid under the First Amendment to the U.S.

Constitution, facially and as it was applied to Lockridge's applications. During the course of this

litigation, in May 2004, Alsip repealed the Former Ordinance in its entirety and enacted a

replacement ordinance.[2]

**Standing**

Alsip has argued that Lockridge lacks standing to bring his constitutional challenge to the

Former Ordinance. Because the court has an obligation to avoid consideration of constitutional

questions unless a case can be decided on no other grounds, it is obligated to rule on Alsip's

standing challenge before considering Lockridge's constitutional challenges. *Ashwander v. TVA*,

297 U.S. 288, 341-56 (1936) (describing rule of constitutional avoidance).

Citing *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge,* 9 F.3d 1290 (7th Cir.

1993), Alsip argues that Lockridge has no standing because Lockridge's alleged injury is not

remediable by the relief Lockridge seeks. Alsip bases this argument on its assertions that: (i) its

---

[1] The full title of the Former Ordinance is "An Ordinance Amending Ordinance No. 94-6-3 - An Ordinance Regulating the Erection, Construction, Location or Alteration of Signs Within the Village of Alsip, Providing for the Posting of Insurance Policies: The Issuance of Permits and Fees Therefore [*sic*]: And Providing Penalties for Violation Thereof;" Ordinance No. 97-8-6.

[2] Lockridge's complaint challenges only the Former Ordinance. Alsip's replacement ordinance is not before the court at this time.

zoning ordinance has not been challenged by Lockridge; and (ii) the zoning ordinance would serve to prohibit Lockridge's proposed signs even if the court provided Lockridge with all the relief he seeks by declaring the Former Ordinance entirely invalid. In support, Alsip claims that "[t]he Alsip Zoning Ordinance, [*sic*] restricts the height of any building/structure, including signs, erected in both the business district and in industrial areas to no more than three stories or forty-five feet in height." (Def.'s Resp. to Pl.'s Mot. Summ. J. at 7.) All of Lockridge's applications were for signs exceeding forty-five feet in height that were to be placed in business or industrial areas.

Alsip's zoning ordinance defines "structures" as "any constructed, erected or placed material or combination of materials in or upon the ground" and explicitly includes "signs" in this definition. Alsip Il., Ordinance No. 90-11-152-1 ("Zoning Code") Art. 4, § 146. "Buildings" are defined as a subset of "structures" that are covered and used for enclosure or shelter. *Id.* at §102. Under these definitions, Lockridge's proposed signs would be structures, but not buildings.

Contrary to Alsip's implication that there are only two potential zoning areas at issue here ("business districts" and "industrial areas"), Alsip's Zoning Code lists six zoning classifications potentially applicable to Lockridge's signs, with three zoning classifications within Alsip's "business districts" (called B-1, B-2 and B-3) and three zoning classifications within Alsip's "industrial districts" (called Industrial-Light District: I-1, Industrial-Medium District: I-2, and Industrial-Heavy Districts: I-3). Zoning Code Arts. 10-15. The forty-five foot height limitation applies only to buildings, not structures (including signs), in B-2, I-2 and I-3, while both buildings and structures are limited to forty-five feet in B-1, B-3 and I-1 areas. *Id.* The upshot of this is that Lockridge's signs would avoid the Zoning Code's height limitations in B-2, I-2 and I-3, but not in B-1, B-3 and I-1.

Accordingly, the court requested that the parties provide additional facts identifying the zoning classification applicable to each of Lockridge's proposed signs. In response, the parties stipulated as to the applicable zoning classifications, with the result that all except four would be located in B-1 or I-1. The four that would not be located in B-1 or I-1 (represented by the "Nonprecluded Applications") would all be located in B-2 or I-2.[3] Thus, under *Harp* Lockridge lacks standing to pursue his case against Alsip, with the exception of the Nonprecluded Applications.[4] *Harp*, 9 F.3d at 1291.

**Summary Judgment Standard**

Summary judgment is granted where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Lockridge has submitted his Local Rule 56.1(a)(3) statement of material facts, and Alsip has duly responded. The parties agree as to the facts discussed by the court in this order.

**Former Ordinance's Constitutionality**

The First Amendment says, "Congress shall make no law . . . abridging the freedom of speech, or of the press. . . ." The Fourteenth Amendment brings city ordinances within the scope of this limitation on governmental authority. *Lovell v. Griffin,* 303 U.S. 444, 450 (1938). Lockridge

---

[3] The Nonprecluded Applications are for signs to be located at 11901 South Cicero Avenue (Property #5), 5300 West Plattner Drive (Property #14), 4001 West 123d Street (Property #15), and 4300 West 130th Street (Property #18).

[4] On August 6, 2004, Lockridge filed his Third Declaration advising the court that he had withdrawn seven of his sign applications. Two of the withdrawn applications are for the locations at 11901 South Cicero Avenue and 4001 West 123rd Street, which are Nonprecluded Signs. Accordingly, Lockridge requests damages corresponding to these applications, but not injunctive relief.

brings his claim arguing both that the Former Ordinance was unconstitutional as applied to him, and

that it is facially invalid under the "overbreadth" doctrine.

Faced with both as-applied and overbreadth challenges, the court first considers the

constitutionality of the Former Ordinance as it was applied to the Nonprecluded Applications. *Bd.*

*of Trustees v. Fox*, 492 U.S. 469, 485 (1989) (as-applied challenge to be determined prior to

reaching overbreadth challenge); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 262 F.3d

543, 556 (6ᵗʰ Cir. 2001) (reversible error to address facial challenge before ruling on as-applied

challenge).

Alsip states that Lockridge's applications "were denied due to their failure to meet the size

and height requirements of the [Former] Ordinance." (Def. Stmnt. Addtl. Mat. Facts ¶7.) The

Nonprecluded Applications are for billboards to be placed in Alsip's B-2 or I-2 zoning districts.

While Alsip did not identify by citation the particular sections of the Former Ordinance that applied

to bar the Nonprecluded Applications, the applicable size and height restrictions on billboards to be

constructed in industrial districts are found in Former Ordinance §18(B) and 18(C).[5] Sections 18(B)

and 18(C) read:

> B. Advertising Sign structures (billboards) shall be permitted with Board Approval
> provided they are limited to not more than one per lot having a minimum of 50 lineal
> feet of frontage.
> C. No such sign shall contain over two (2) advertising signs per facing nor shall any
> single sign exceed a length of twenty-five (25) feet nor a surface area of three
> hundred (300) square feet or a height of thirty-five (35) feet above grade level.

---

[5] The court notes that because the Former Ordinance allows in industrial districts all
signs that "are permitted and regulated in Residential and Business Districts," in addition to
billboards, Alsip may have applied other of the Former Ordinance's size and height restrictions
than those in section 18. Nevertheless, the restrictions in section 18 are the most liberal
contained in the Former Ordinance, and discussion of other potential restrictions is unneccesary
since even those in section 18 are unconstitutional as applied.

Expression is subject to reasonable time, place and manner restrictions, where such restrictions: (i) are not content-based; (ii) are narrowly tailored to serve a significant government interest; and (iii) leave open ample alternative channels for communication of the information. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). The size and height restrictions in sections 18(B) and 18(C) listed are content neutral, referring only to the size and height restrictions on billboards, without reference to their content.[6] However, these restrictions are not narrowly tailored to serve a significant government interest, and thus fail under the second factor of the test noted in *Clark*.

Unlike the ordinances discussed in the vast majority of other sign ordinance cases reviewed by the court, the Former Ordinance contains no statement at all of the legislative purpose behind it. Thus, Alsip has not even identified which significant government interests it sought to advance through passage of the Former Ordinance, much less shown that the size and height restrictions of sections 18(B) and 18(C) are narrowly tailored to advance these unstated interests. In an attempt to remedy this, Alsip has submitted an affidavit of its mayor, Arnold A. Andrews, containing a single-sentence statement that the general purpose of the Former Ordinance "was to establish reasonable and impartial regulations for all exterior signs in order to reduce traffic hazards, protect property values, provide an attractive visual environment throughout the Village, and to protect and

---

[6] Among many other arguments, Lockridge claims that the Former Ordinance's definition of "Advertising Sign (Billboard)" is content-based, and that strict-scrutiny analysis would apply to any restriction placed on billboards as a result. Former Ordinance §2(b). The court rejects this contention for two reasons: (i) the Former Ordinance's division between "Advertising Sign (Billboard)" and "Business Sign" is a distinction between on-site and off-site signs, which does not in itself imply content-based regulation, *Lavey v. City of Two Rivers*, 171 F.3d 1110, 1115-16 (upholding on/off-premises distinction in sign ordinance); and (ii) Lockridge does not fully develop this argument.

improve the public health, safety and general welfare." This latter-day statement by a single official

is not authoritative to establish a statutory purpose. *Dills v. Marietta*, 674 F.2d 1377, 1381 (11th Cir.

1982) (rejecting after-the-fact "mere incantation of aesthetics" to establish valid statutory

justification for sign ordinance). Furthermore, even if Mayor Andrews' statement were effective

notice of a general statutory purpose, Alsip has offered no argument or evidence establishing that

these particular size and height limitations actually have any connection to serving Alsip's

governmental goals. *National Advertising Co. v. Town of Babylon*, 900 F.2d 551, 556 (2nd Cir.

1990).

The lack of stated legislative purpose in the Former Ordinance makes this case subject to the

same considerations discussed in *National Advertising Co.* There, the Second Circuit upheld the

invalidation of several municipal sign ordinances solely because they contained no statements of

legislative purpose. In considering plaintiffs' challenges to the ordinances, the court found that the

ordinances were invalid based on the four part test for the constitutionality of restrictions on

commercial speech set forth in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm.*, 447 U.S.

557, 563-66 (1980), as later described in *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507

(1981). The ordinances' lack of any stated purpose made them necessarily fail the second part of

the *Central Hudson* test, which requires that restrictions must "seek to implement a substantial

government interest." *Metromedia*, 453 U.S. at 507; *National Advertising Co.*, 900 F.2d at 556.

The same consideration behind the Second Circuit's ruling applies to the *Clark* time-place-

manner test. Where no government interests are identified, whether those interests must be

"substantial" (*Metromedia*) or "significant" (*Clark*), the government has failed to carry a necessary

burden to justify limits on speech. The court agrees with the Second Circuit's observation that "this

case is really quite simple. [Lockridge's] challenged ordinance [is] unconstitutional because [it] fail[s] to follow basic constitutional dictates concerning a municipality's ability to restrict speech." *National Advertising Co.*, 900 F.2d at 555. Thus, the restrictions on size and height in sections 18(B) and 18(C) of the Former Ordinance are unconstitutional restraints on speech under the First Amendment. *See also Desert Outdoor Advertising v. City of Moreno Valley*, 103 F.3d 814, 819 (9th Cir. 1996) (invalidating sign ordinance containing no statement of legislative purpose), *cert. denied* 522 U.S. 912 (1997).

The court does not reach Lockridge's facial challenge (on overbreadth grounds) to the Former Ordinance because the favorable ruling on Lockridge's as-applied challenge is enough to grant the full measure of damages available to him. The court makes no ruling as to Lockridge's multitudinous arguments regarding the Former Ordinance's alleged unconstitutional restrictions on both non-commercial and commercial speech, unallowable preference of commercial over non-commercial speech, lack of procedural safeguards, and other arguments. While these arguments may have merit, in light of Alsip's enactment of a superseding ordinance, the court declines to engage in more constitutional scrutiny of a now-superseded ordinance than necessary to provide Lockridge the relief he seeks. *Fox*, 492 U.S. at 485 ("It is not the usual judicial practice, however, nor do we consider it generally desirable, to proceed to an overbreadth issue unnecessarily. . . ."). The new ordinance has not been challenged by Lockridge, and the parties have accordingly not presented full arguments regarding its potential application to Lockridge and/or third parties.[7]

---

[7] Lockridge has filed a "Statement in Regard to Defendant's Revised Sign Regulations," but even this document offers only a brief argument as to the revised ordinance's constitutionality. If Lockridge wished to place these issues before the court, he could have requested leave to amend his complaint or to file a supplemental complaint to account for the new ordinance, but has failed to do so. Fed. R. Civ. P. 15(d) (party may move court to "permit

Alsip argues that the court should sever the constitutionally offensive clauses of the Former

Ordinance, noting that the Former Ordinance provides for severability of invalid provisions. Former

Ordinance §22. Because the Former Ordinance has now been entirely superseded, any attempt at

severing its unconstitutional clauses is pointless.

**Mootness in Light of New Ordinance**

Alsip argues that Lockridge's case is moot because of Alsip's supersession of the Former

Ordinance. The court finds that the instant case is moot with respect to Lockridge's requested

injunctive relief, but is not moot with respect to Lockridge's claim for damages.

Where a municipality has repealed (or superceded) an ordinance during the pendency of

litigation challenging that ordinance, an action for injunctive relief is thereby rendered moot unless

there is a reasonable expectation that the municipality will reenact the ordinance or one very much

like it. *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924,

930 (7th Cir. 2003). Here, however, Lockridge argues that Alsip's repeal of the Former Ordinance

and enactment of the new ordinance, as well as certain statements in the media by Alsip officials,

constitute conclusive evidence of Alsip's determination to evade constitutional limits on its

legislative discretion. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) (where

city announces intention to reenact prior unconstitutional provisions after litigation terminates, case

is not moot). The court disagrees. The Seventh Circuit has held that the presumption in cases

involving voluntary cessation by government officials, especially where, as here, it appears that the

---

the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented"); *Knoeffler v. Town of Mamakating*, 87 F. Supp. 2d 322, 331 (S.D.N.Y. 2000) (granting leave to file supplemental complaint to account for sign ordinance's amendment during litigation).

municipality is merely attempting to fashion a statute that will pass constitutional scrutiny, is that the municipality does not intend to reenact the same or substantially similar unconstitutional provisions. *Federation*, 326 F.3d at 929. Thus, this case is moot as to the injunctive relief Lockridge requests.

What saves Lockridge's case from being entirely mooted is that, in addition to injunctive relief, Lockridge has requested damages and attorneys' fees and costs. Alsip's repeal of the Former Ordinance does not moot Lockridge's damages claim. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 608-09 (2001) (defendant's change in conduct does not render case moot where damages are alleged). Thus, Lockridge has successfully argued that, to the extent that the applications related to the Nonprecluded Signs were denied, Alsip "has deprived him of a right secured by federal law or the Constitution while acting under color of state law." 42 U.S.C. § 1983. Thus, Lockridge is entitled to §1983 damages against Alsip. *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (§1983 applies to municipalities and other local government); *Reed v. Village of Shorewood*, 704 F.2d 943, 953 (7th Cir. 1983). In addition, Lockridge has requested that the court award his attorneys' fees and costs under 42 U.S.C. § 1988(b).

The parties have not argued the extent of Lockridge's damages. Accordingly, the parties are ordered to appear at a status hearing on the date indicated on the minute order accompanying this opinion. At the status hearing, the court will set a schedule for discovery as to damages (if discovery is necessary) and/or a briefing schedule.

**Conclusion**

For the reasons discussed in this memorandum opinion and order, Lockridge's motion for

partial summary judgment is granted with respect to damages caused by Alsip's denial of the applications corresponding to the Nonprecluded Signs, and denied with respect to all other applications submitted. Lockridge's motion for preliminary injunction is denied as moot. The court will consider Lockridge's damages claim (as to the Nonprecluded Signs only) according to the schedule set forth at the status hearing described above.

Dated: April 18, 2005

                                      ENTER:

                                        _____/s/_____
                                        Joan B. Gottschall
                                        United States District Judge